(No. 43525.

KATHRYN F. MORELOCK, Appellee, v. MILLERS' MUTUAL INSURANCE ASSOCIATION OF ILLINOIS, Appellant.

*Opinion filed September 30, 1971.*

GOLDENHERSH, J., took no part.

WARD and SCHAEFER, JJ., dissenting.

RAY H. FREEARK, Jr. and ROBERT D. FRANCIS, both of Belleville, for appellant.

DICK H. MUDGE, Jr., of Edwardsville, for appellee.

PER CURIAM: The plaintiff, Kathryn F. Morelock, brought an action for declaratory judgment in the circuit court of Madison County in which she asked the court to declare that the defendant, Millers' Mutual Insurance Association of Illinois, was liable to her under the uninsured motorist provision of an automobile liability policy which had been issued to her by the defendant. The circuit court held that the defendant was not liable because of an "other insurance" clause which appeared in the uninsured motorist provision of the policy. On appeal the Appellate Court for the Fifth District held that the "other insurance" clause was contrary to the legislative intention underlying section 143a of the Illinois Insurance Code (Ill.Rev.Stat. 1969, ch. 73, par. 755a(1), which requires that automobile liability policies issued in this State contain provisions for insurance against specified

damages sustained through the operation of uninsured motor vehicles.

The relevant facts were stipulated to by the parties in the circuit court. On August 14, 1965, the plaintiff was driving an automobile owned by her father, Claude Wedel, in an easterly direction on Interstate Highway No. 70, south of Madison, Illinois. The other occupants of the automobile were the plaintiff's sister, Phyllis Wedel, her parents, Claude and Ruth Wedel, and another couple. There was a head-on collision between the Wedel automobile and the uninsured automobile of Alfred M. Holley, who drove in a westerly direction in a lane for east-bound traffic. All of the occupants of the Wedel automobile were injured. Phyllis Wedel and the plaintiff were severely and permanently injured and each suffered damages in excess of $20,000. Each is legally entitled to recover such damages from Holley, the operator of the uninsured automobile. The plaintiff is the named insured in a policy issued by the defendant, and her father, Claude Wedel, is the named insured in another policy issued by the defendant. The policies are identical in coverage. Each policy limits the liability of the defendant under the uninsured motorist coverage to $20,000 for each occurrence. At the time of the proceeding in the circuit court the defendant had paid $5,525.83 under the policy it had issued to Claude Wedel and the court was informed that the remaining $14,474.17 of the $20,000 limit was available to be divided between Phyllis Wedel and the plaintiff. It was stipulated that the plaintiff's damages alone are in excess of the $14,474.17 which is undisbursed.

The statute requiring the inclusion of uninsured motorist coverage in automobile liability policies in part provided: " *** no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership,

maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7–203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, \*\*\*." Ill. Rev.Stat. 1969, ch. 73, par. 755a(1).

The "other insurance" provision in the policy issued to the plaintiff, which is relied on by the defendant and which the circuit court held excused the defendant from liability, stated: "With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

The appellate court observed that under the intendment of the "other insurance" clause no liability of the defendant would arise, since other and similar insurance was available to the plaintiff and the limit of liability in her uninsured motorist clause did not exceed the applicable limit of liability under the uninsured motorist clause of her father's policy. An issue appearing, however, the appellate court correctly considered, was whether one situated as the plaintiff might recover under the uninsured motorist coverage on the ground that the "other insurance" provision offends the public policy embodied in the

statute requiring uninsured motorist coverage. Contrary to the view of the appellate court that the provision offends public policy, we deem that it does not and is enforceable.

Recently in *Putnam v. New Amsterdam Casualty Co. 48 Ill.2d 71,* we considered this public policy argument, though we observed (p. 85) that the plaintiffs there were "probably not in a position to present the argument." We concluded that the legislative intendment of uninsured motorist coverage requirement was satisfied if a policy of insurance in the minimum limits under the Financial Responsibility law, *i.e.,* $10,000 per person and $20,000 per accident, were made available, though the amount of the policy might not be sufficient to satisfy all claims made. We noted that if the "other insurance" clauses were held to offend public policy the paradoxical result would be that a motorist such as the plaintiff here would benefit if any injuries he might sustain would be caused by an uninsured motorist rather than by a motorist who had complied with the Financial Responsibility Law, and this because of the opportunity which would be given to "stack", or add the benefit of his own uninsured motorist coverage is that on the automobile of his host. This we judged was not within the legislative intention. We said in part (p. 86): "The question of public policy, it seems to us, is largely manufactured. Construing an insurance contract accurately and giving it the effect which its language clearly commands, is not *ipso facto* a breach of public policy merely because it disappoints the innocent victim of an uninsured motorist." As we recognized in *Putnam* there are contrary decisions on this public policy question but we prefer the view that the legislature's intent in requiring uninsured motorists insurance is satisfied by coverage which assures that compensation is available, in the event of injury by an uninsured motorist, to at least the same extent compensation "is available for injury by a

motorist who is insured in compliance with the Financial Responsibility Law." 48 Ill.2d 89.

Judging that the "other insurance" clause does not frustrate the legislative purpose and thereby violate public policy, we reverse the judgment of the Appellate Court for the Fifth District and affirm the judgment of the circuit court of Madison County.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

MR. JUSTICE WARD, dissenting:

I consider that the other "insurance" provision in the policy here frustrates a legislative intention appearing in the uninsured motorist statute and is offensive to public policy. See the dissent in *Putnam v. New Amsterdam Casualty Co., 48 Ill.2d 71.*

MR. JUSTICE SCHAEFER joins in this dissent.