JANET BOHNEN SALERNO, Plaintiff-Appellee, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)   No. 77-316

Opinion filed December 15, 1977.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellant.

Mahoney and McArdle, Chartered, of Chicago (Donald R. Crowe, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Janet Bohnen Salerno, filed a complaint for declaratory judgment seeking an aggregation of uninsured motorist coverage under three automobile insurance policies issued by defendant, State Farm Mutual Automobile Insurance Company, to her and her father. Defendant moved for a judgment on the pleadings, or alternatively,

summary judgment. The trial judge denied defendant's motions, found there was no issue of material fact, and entered a declaratory judgment for plaintiff. Defendant does not dispute that part of the trial court's order, allowing coverage under plaintiff's policy. However, on appeal, defendant contends that the trial court erred in allowing uninsured motorist coverage under more than one policy since the "other insurance" provision in the father's two policies operated to prevent multiple recovery.

We affirm the trial court's judgment.

On December 30, 1973, plaintiff was a passenger in an uninsured automobile owned and operated by her brother, James Bohnen. A collision occurred between James' automobile and an automobile driven by Richard Wingried, also an uninsured motorist. As a result of the collision plaintiff sustained various injuries.

On the date of the accident, plaintiff was insured under a policy issued by defendant covering her 1969 Camaro convertible. As required by statute (Ill. Rev. Stat. 1971, ch. 73, par. 755a(1)), the policy contained a provision for Family Protection Coverage in the event of an accident with a vehicle operated by an uninsured motorist. In consideration of a premium of $3, the limits of liability were delineated as $10,000 per person and $20,000 per accident. Janet had purchased the policy while living in her father's home where she was still living on the date of the automobile collision.

Howard Bohnen, plaintiff's father, purchased two similar policies from defendant, and by paying the $3 premium, received identical limits of Family Protection Coverage of $10,000 per person, $20,000 per accident in connection with each of his cars, a 1970 Montego automobile and a 1971 Vega station wagon.

In addition, Howard Bohnen's two policies each included an "other insurance" clause which provided that its coverage would apply only as excess insurance if other insurance was available, and then only in the amount by which its limits of liability exceeded the limits of liability of the other insurance.

The sole issue presented in this appeal is whether the coverage under Howard Bohnen's two policies may be "stacked" with Janet's so as to allow a $30,000 per person or $60,000 per accident recovery. Defendant maintains that plaintiff is restricted to a maximum recovery of up to $10,000 per person and $20,000 per accident under Janet's policy. Defendant contends that the "other insurance" clauses present in Howard Bohnen's policies are clear and unambiguous on their face and preclude any additional coverage under the facts of this case.

The identical issue was recently presented to this court in *Kaufmann v.*

*Economy Fire & Casualty Co.* (1977), 52 Ill. App. 3d 940, 368 N.E.2d 371.

In *Kaufmann,* the four plaintiffs were members of the same family who were injured in a collision due to the alleged negligence of an uninsured motorist. Daniel Kaufmann was the named insured under one policy issued by the defendant. His parents, Justin and Geraldine, were the named insureds under a second policy issued by the defendant. The policies of Daniel, Justin and Geraldine each contained Family Protection Coverage, identical in its limits to that in the instant case. Furthermore, the parents' policy contained an "other insurance" clause similar to that present in Howard Bohnen's policies. Defendant sought to limit plaintiff's coverage to Daniel's policy alone.

The majority in *Kaufmann* adopted the rationale of our supreme court's decision in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, and held "[w]hen the same company issued the policies and the policies are issued to members of the same family, living in the same household, who have paid separate premiums, an ambiguity arises as to the 'other insurance' clause, which should be resolved in favor of the insureds." (*Kaufmann v. Economy Fire & Casualty Co.* (1977), 52 Ill. App. 3d 940, 947, 368 N.E.2d 371, 376.) Consequently, the court held that the coverage under the two policies could be stacked.

The majority decision in *Kaufman* compels the finding that, Janet and Howard paid premiums on three insurance policies to one insurance company in the expectation that they would receive multiple coverage. Under all three policies "insured" is defined as the "named insured," and "if residents of the same household, the relatives of the first person named in the declarations * * *."

Both Janet and her father qualified as "insureds" under each other's policies. Janet lived in her father's household at the time her policy was purchased and at the time of the accident. In *Kaufmann,* the son did not live with his parents at the time he purchased the policy. The court felt, however, that the fact that he lived with his parents at the time of the accident was sufficient to consider the Kaufmanns as being a family of insureds. The instant case presents a more compelling factual situation since it was stipulated that Janet was at all relevant periods a member of her father's household.

This same factor also distinguishes the present case from our supreme court's decison in *Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, 274 N.E.2d 1. In *Morelock,* plaintiff, while driving an automobile owned by her father, was struck by an automobile driven by an uninsured motorist. Plaintiff was the named insured under a policy issued by the defendant, and her father was the named insured in another

policy issued by the defendant. Both policies contained identical Family Protection Coverage. Further, plaintiff's policy contained an "other insurance" clause similar in wording to that in the case at bar. The court in *Morelock* held that the father's policy covered the accident, but that the "other insurance" provision in plaintiff's policy did not offend the public policy embodied in our insurance code and was thus enforceable.

In *Morelock*, there were no facts before the court which raised any ambiguity and thus the court was compelled to enforce the contract of insurance as it was written. In the instant case, we believe an ambiguity is present. Here, Janet was a member of her father's household at the time she purchased the policy which raises the presumption that she and her father, in paying triple premiums, contemplated that all three policies would cover the members of their household.

Furthermore, in *Morelock*, plaintiff was driving her father's automobile when the accident occurred. The insurance company conceded, and the court held that the father's (owner's)policy covered the accident. In the instant case, the owner of the automobile had no policy covering the accident. Therefore, it is unclear whether Janet's policy or her father's two policies or all policies should have applied to cover the accident. We choose to resolve this ambiguity in favor of the insured, and thus hold that the coverage under all three policies may be stacked. (See *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.) We realize that our resolution of this ambiguity may put plaintiff in a better financial position by virtue of having been involved in an accident while a passenger in another's uninsured car than if she were in her own or her father's car. However, as stated by our supreme court in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247, 251: "If there is to be a 'windfall' in this situation, it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.