(Nos. 50195, 50403 cons.—

JUSTIN KAUFMANN *et al.,* Appellees, v. ECONOMY FIRE AND CASUALTY COMPANY, Appellant.— JANET BOHNEN SALERNO, Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*Opinion filed May 18, 1979.*

12

UNDERWOOD and RYAN, JJ., dissenting.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, John D. Daniels and David A. Novoselsky, of counsel), for appellant.

Robert Higgins, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

James J. Hoffnagle, of Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago, for appellant.

Michael J. McArdle and Donald R. Crowe, of Mahoney & McArdle Chartered, of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In cause No. 50195, defendant, Economy Fire and Casualty Company (hereafter Economy), appealed from the judgment of the circuit court of Cook County entered in favor of plaintiffs, Justin Kaufmann, Geraldine Kaufmann, Daniel E. Kaufmann and Judd Kaufmann, in an action for declaratory judgment. The appellate court affirmed (52 Ill. App. 3d 940), and we allowed Economy's petition for leave to appeal. In cause No. 50403, defendant, State Farm Mutual Automobile Insurance Company (hereafter State Farm), appealed from a similar judgment entered in favor of plaintiff, Janet Bohnen Salerno. The appellate court affirmed (55 Ill. App. 3d 735), and we

allowed State Farm's petition for leave to appeal. The causes were consolidated for argument and opinion.

On March 9, 1973, Economy issued to plaintiffs Justin and Geraldine Kaufmann a policy of automobile liability insurance which included uninsured motorist coverage with limits of $10,000 for each person and $20,000 for each accident. On December 26, 1973, Economy issued to plaintiff Daniel Kaufmann a similar policy which included identical uninsured motorist coverage. Although at the time the policy was issued to plaintiffs Justin and Geraldine Kaufmann, Daniel Kaufmann did not reside with his parents, it appears from the pleadings that after May 1, 1973, he had at all times resided with them.

On November 10, 1974, an uninsured motorist struck an automobile owned and operated by Daniel, and he, his parents and his brother, Judd, were injured. Economy admitted liability under the uninsured motorist coverage in Daniel's policy, but refused to pay additional amounts under the policy issued to his parents. Plaintiffs sought a declaration that the limits of liability under the uninsured motorist coverage of each policy, $10,000 per person and $20,000 per accident, could be cumulated so as to provide coverage of $20,000 per person and $40,000 per accident despite an "other insurance" clause in Justin and Geraldine's policy which provided:

> "Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV [uninsured motorist coverage] shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
>
> Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and

applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

In cause No. 50403, defendant, State Farm, had issued to plaintiff, Janet Salerno, a policy of automobile liability insurance effective August 21, 1973, and at other times during 1973 had issued to Janet's father, Howard Bohnen, two similar policies, providing coverage for two automobiles owned by him. Each of the three policies provided uninsured motorist coverage of $10,000 per person and $20,000 per accident, and contained an "other insurance" provision virtually identical to the one set forth above. On December 30, 1973, Janet, while a passenger in an uninsured automobile, was injured when that automobile was struck by another uninsured vehicle. It is undisputed that at the time of the accident Janet resided with her father.

The circuit court entered judgments holding the uninsured motorist coverage provided in the policy issued to Justin and Geraldine Kaufmann and in the policies issued to Howard Bohnen applicable to the respective accidents, and the appellate court affirmed.

Defendants contend that under *Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, the judgments of the circuit and appellate courts must be reversed. Plaintiffs contend that the "other insurance" clauses are ambiguous and ineffective to prevent aggregated coverage under policies issued by the same insurer to members of the same family and that "other insurance" clauses which purport to preclude the aggregating of uninsured motorist coverage are contrary to public policy, repugnant to the uninsured motorist statute, and void.

In *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, the court considered the various types of "other insurance" clauses found in uninsured motorist coverages, and in its discussion criticized certain resolutions of the conflicts created by the various policy provisions for the reason that they "place no emphasis whatever on the most significant factor of all—the intent of the parties" (48 Ill. 2d 71, 78).

In *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, the insurer had issued three automobile liability insurance policies to the plaintiff, covering three separate vehicles. Plaintiff's wife, while a pedestrian, was struck and killed by an uninsured motorist. The "other insurance" provision in the policies was identical to those here involved. The court concluded that the "excess insurance" provision was not applicable because at the time of the accident in question the insured was not occupying an automobile. In considering the *pro rata* provision the court pointed out that one insurer had issued three different policies, on three separate vehicles, to the one insured, that each policy provided separate uninsured motorist coverage, and that a separate premium was accepted by the insurer for those coverages. The court went on to say:

> "An insurance policy is not to be interpreted in a factual vacuum; it is issued under given factual circumstances. What at first blush might appear unambiguous in the insurance contract might not be such in the particular factual setting in which the contract was issued. *Jensen v. New Amsterdam Insurance Co.* (1965), 65 Ill. App. 2d 407, 415.
>
> When an insured purchases three distinct policies from an insurer, each providing the specified coverage, and pays a separate premium for each, does he reasonably contemplate that the

'other insurance' clauses therein are effective to reduce his recovery to what he would have obtained under one policy? We think not. The apparent purpose of 'other insurance' clauses is to make certain that one company does not pay a disproportionate amount of a loss which is to be shared with another company. There is no purpose in proration unless the 'other insurance' is written by another company. The clause has no meaningful purpose when applied to coverage issued by one company to one insured. In this situation its meaning is ambiguous, and the clause should be construed in favor of the insured." 57 Ill. 2d 330, 336.

Under the definitions therein contained, each Kaufmann plaintiff was an "insured" under each of the policies. Under the definitions contained in the policies issued to her father, plaintiff Salerno was also an insured. Under these circumstances, as in *Glidden,* the meaning of the clause is ambiguous and should be construed in favor of the insureds. As the court said in *Glidden*:

"It is true that an insured might end up in a case such as this in a better situation than if the wrongdoer had been insured to the minimum requirements of the Financial Responsibility Law. That, however, is not material as long as he pays for the coverage. The insured is better off because he paid additional premiums. If there is to be a 'windfall' in this situation, it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them." 57 Ill. 2d 330, 336.

As the court said in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, in the payment of multiple premiums the insured must have expected to receive, and the insurer to provide, additional insurance

benefits. Here, where each of the plaintiffs was an insured under each of the policies issued by the same insurer, each of which provided uninsured motorist coverage for which premiums were collected, we hold that the "other insurance" clause is inapplicable.

It cannot be determined from the opinion in *Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, whether the plaintiff, Kathryn F. Morelock, was an insured under the definitions contained in her father's policy. To the extent that *Morelock* is contrary to the holding of this case, it is expressly overruled.

Because of the conclusion reached with respect to the "other insurance" provision, we need not and do not consider plaintiffs' contentions that the provision is contrary either to the statute or public policy. The judgments of the appellate court are affirmed.

*Judgments affirmed.*

MR. JUSTICE UNDERWOOD, dissenting:

Until the filing of this opinion, this court has consistently held that uninsured motorist coverages in several policies could be "stacked" only when those policies had been issued to the same person by the same company. (*Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330; *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167.) Today the court overrules *Morelock* and holds, for the first time, that the coverages in different policies issued to different people at different times may be added together despite the presence of clauses in those policies to the contrary. I thought *Morelock* was correctly decided, and I would adhere to it.

MR. JUSTICE RYAN joins in this dissent.