MARK GREENHOLT, Plaintiff-Appellant, *v.* INLAND NATIONAL
INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 79-1942

Opinion filed August 12, 1980.

Cooney & Stenn, of Chicago (Robert J. Cooney and John Henely, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Mark Greenholt, initiated an action for declaratory judgment in the Circuit Court of Cook County. Plaintiff seeks to have defendant, Inland National Insurance Company, declared liable for $20,000 under the uninsured motorist coverage of a policy issued to plaintiff's father. Plaintiff has already obtained a $10,000 payment under separate uninsured motorist coverage issued by another insurer to a third party, so the recovery sought amounts to a two-way "stacking" of uninsured motorist coverage: plaintiff seeks to "stack" the coverage for two automobiles owned and insured by his father, adding this total to the recovery already obtained from an Allstate insurance policy covering a third party. The trial court's order allowed the two policies owned by plaintiff's father to be "stacked," but permitted defendant Inland to deduct from its policy liability the amount plaintiff had recovered from Allstate. Plaintiff appeals from this order.

On February 20, 1976, plaintiff, Mark Greenholt, was seriously injured when the car in which he was a passenger was involved in a collision with an automobile operated by Michael Davidolic, an uninsured motorist. Plaintiff claims bodily injury and related damages exceeding $40,000. The vehicle plaintiff was riding in was operated by Mark Scriven, and was insured by Allstate Insurance Company. The insurance policy covering the Scriven automobile provided for a maximum uninsured motorist coverage of $10,000 per person and $20,000 per accident, and applied to all passengers in the insured vehicle. Plaintiff recovered $10,000 from Allstate Insurance Company.

At the time of the accident, plaintiff's father, Harry Greenholt, owned two cars, and insured both with defendant Inland National Insurance Company. Each vehicle carried uninsured motorist protection of $10,000 per person and $20,000 per accident. By the provisions of the Inland policy, this coverage applied to the named insured, Harry Greenholt, and any relatives residing in his household. Plaintiff Mark Greenholt resided in his father's home at the time of the accident.

Mark Greenholt made a claim for $20,000 under the uninsured motorist provision of the Inland policy. Defendant, Inland, denied the claim, and plaintiff filed his complaint for declaratory judgment. On June 6, 1979, the trial court entered an order of summary judgment for the plaintiff, in the amount of $20,000. On August 15, 1979, on defendant's motion, the trial court vacated the order of June 6, gave summary judgment for the plaintiff, and found defendant Inland liable to plaintiff in the reduced amount of $10,000. It is from this order that plaintiff appeals.

The trial court based this second order on its finding that the Inland policy covering plaintiff could not be "stacked" with the Allstate policy under which plaintiff had already recovered. The trial court gave effect to

an "Other Insurance" clause in the policy issued by Inland, which clause, in this application, designated Scriven's Allstate policy as "primary insurance" and Greenholt's Inland policy as "excess insurance." The Inland coverage then applied only to the extent that its coverage exceeded the liability limit of the primary insurance. Implicit in the trial court's order was a finding that plaintiff could "stack" the coverage for Harry Greenholt's two automobiles. Harry Greenholt had paid a separate premium for the uninsured motorist protection attached to each automobile, and the coverage of either auto, viewed individually, would have applied to plaintiff Mark Greenholt while a passenger in the Scriven vehicle. "Stacking" the policies for the two Greenholt automobiles yields a cumulated coverage of $20,000 per person and $40,000 per accident. Applying the "Other Insurance" clause, as the trial court apparently did, the $20,000 coverage afforded plaintiff by the Inland policy was reduced by the $10,000 available to plaintiff under Scriven's Allstate policy, leaving Inland liable for $10,000 under the insurance applicable to Harry Greenholt's two automobiles. The trial court entered judgment against defendant Inland in the amount of $10,000, an order Inland does not contest on this appeal.

■■ Decisions in this State treating the stacking of uninsured motorist insurance are not entirely harmonious, but the recent case of *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, provides some guidance. A basic principle in the interpretation and enforcement of insurance policies is that the parties' agreement, to the extent that it does not contravene public policy, is to be enforced as written. (*Menke*, at 423.) Where any provision of the policy is ambiguous, such ambiguity should be construed in favor of the insured, but this interpretive bias in favor of the policyholder is a rule of construction only (*Menke*, at 424), and rules of construction will not be resorted to when a contract is clear and unambiguous. (*H. B. G. Corp. v. Houbolt* (1977), 51 Ill. App. 3d 955, 962, 367 N.E.2d 432.) Ambiguity, however, is not limited to grammatical imprecision in the policy; the particular factual setting of the insurance policy provides a framework for determining that the policy as executed is consistent with the intent of the parties. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247.

Plaintiff has directed this court's attention to decisions supporting what has been called the "Premium Rule." (See *Glidden*, at 336. See generally 7 Appleman, Insurance Law and Practice §4331, at 155 n.5.35 (1979 Supp.).) A recent statement of this "rule" is found in *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 779, where a division of this court said, "[w]hen, as here, premiums have been paid for two separate policies, it

seems both equitable and desirable to permit recovery under more than one policy until the claimant is fully indemnified." (*Westchester*, at 445.) The thrust of the "Premium Rule" is that insurance companies should not be permitted to collect premiums for a given amount of coverage and thereafter apply limiting clauses to reduce or absolve their liability to the insured.

In light of the decision of our supreme court in *Menke*, holding that insurers' liability limitations, when clear, are to be given effect (*Menke*, at 424), the "Premium Rule" is best understood as a mere explication of the general rule that the insured is to be favored in construing insurance policies. Consequently, the "Premium Rule" should be viewed as a rule of construction, and should not be applied unless the insurance contract reveals an ambiguity as to the amount of coverage intended.

The controlling question for this appeal then becomes whether or not the "Other Insurance" clause in the policy at issue is ambiguous. The clause provides:

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV [Uninsured Motorist coverage] shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

This clause is identical to the "Other Insurance" clauses litigated in *Glidden* and *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150, in which cases our supreme court found the clause ambiguous. The clarity or ambiguity of the "Other Insurance" clause will depend, however, on the facts of the case and the proposed application of the clause. (See *Jensen v. New Amsterdam Insurance Co.* (1965), 65 Ill. App. 2d 407, 415, 213 N.E.2d 141.) In both *Glidden* and *Kaufmann* the court found the clause ambiguous insofar as it required apportioning the insured's recovery between two policies issued by the same company. (*Glidden*, at 336; *Kaufmann*, at 17.) The ambiguity in such an application appears to lie in the illogic of requiring such apportionment of the

insured's recovery when the entire recovery is paid by a single insurer. The *Glidden* and *Kaufmann* decisions also relied on the fact that the "stacked" policies, written by the same insurer, were issued to persons living in the same household. Plaintiff in the instant case insists that the residence of the two insureds should be irrelevant, as long as the claimant is in fact covered under the applicable policies. We note, however, that relatives sharing a common household will, if they apply separately to the same insurer for uninsured motorist protection, acquire mutual protection since each policy typically covers all relatives in the same household. This duplication of coverage also demonstrates the incongruity of prorating recovery between twin policies.

■ Reading the Inland policy's "Other Insurance" clause in light of the facts of the instant case, we find no amiguity. Since the "other insurance" was provided by Allstate, and was issued to one not in the Greenholt household, the clause plainly requires that defendant, Inland, be liable only to the extent that Greenholt's policy limit exceeds the liability limit on Scriven's Allstate policy. The $10,000 coverage afforded plaintiff by virtue of the policy on the first of Harry Greenholt's automobiles can be "stacked" with the $10,000 coverage plaintiff had under the policy on the second Greenholt automobile; the $20,000 sum than represents Inland's maximum liability under the policy. Applying the "Other Insurance" clause, Inland is then liable in the amount of $10,000, that is, the amount by which Inland's policy limit ($20,000 after stacking) exceeds the Allstate policy limit ($10,000). Since the trial court entered judgment for plaintiff in the amount of $10,000, this court will affirm that result, even though the record does not reveal the trial court's finding as to the ambiguity of the clause in question.

■ Our decision affirming the trial court neither endorses nor disapproves the "stacking" concept; it only gives effect to a clause that essentially prohibits "stacking" of the insured's coverage with coverage under a separate policy, issued by a separate insurer to a nonmember of the claimant's household. Viewed in that aspect, our decision is not contrary to *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 374 N.E.2d 779, relied on by plaintiff. The *Westchester* case involved the stacking of policies issued by different insurers, but issued to insureds in the same household. Even if the facts were indistinguishable, however, this court would decline to follow *Westchester*, since, although that case involved an "Other Insurance" clause identical to that in the instant case, the *Westchester* court failed to find any ambiguity allowing the clause to be construed in the policyholder's favor. Additionally, *Westchester* was decided prior to our supreme court's decision in *Menke*. The *Menke* opinion makes it clear that the public policy of this State is not violated by "anti-stacking"

643

clauses in uninsured motorist insurance policies, since the policy of this State, as declared in the relevant statute (Illinois safety responsibility law, Ill. Rev. Stat. 1979, ch. 95½, par. 7—100 *et seq.*) is that claimants should be protected by uninsured motorist coverage to the extent that they would be covered had the uninsured tortfeasor complied with the minimum requirements of the law. (*Menke*, at 425.) The minimum required liability insurance is $10,000 per person ($20,000 per accident), so clauses that effectively limit the liability of insurers to these low standards do not violate the public policy of this State.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

PERLIN, P. J., and DOWNING, J., concur.