INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, Plaintiff-Appellee, *v.* STATE FARM INSURANCE COMPANY *et al.*, Defendants.—(Frank M. Foster, Defendant-Appellant.)

First District (5th Division) No. 82—1891

Opinion filed March 4, 1983.

Eileen Kavanagh, of Chicago (J. Dillon Hoey and H. Thomas Lenz, of counsel), for appellant.

Christie E. Smith and John J. O'Connor, both of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

In an action for declaratory judgment, plaintiff's motion for summary judgment was granted with a holding that Frank M. Foster (defendant) was precluded by an "other insurance" clause from recovering under an automobile insurance policy issued to him by plaintiff. In this appeal, defendant contends that he is entitled to both uninsured motorist and medical payments benefits under that policy.

An uninsured motorist struck and injured defendant and Raymond Kaminski (Kaminski) as they stood next to a parked automobile owned by Kaminski and insured by State Farm Insurance Company (State Farm). State Farm refused to extend uninsured motorist coverage to defendant, contending that he was not insured under the terms of its policy. Defendant then made a claim under his own policy issued by plaintiff which refused to honor the claim and then brought this action seeking a declaration of the rights of the parties with respect to the two policies and a finding that State Farm was obligated to provide uninsured motorist benefits to defendant.

The parties filled cross-motions for summary judgment on the issue of coverage under the uninsured motorist provisions of the two policies. State Farm sought a declaration that its policy did not apply because defendant was not in, on, or alighting from Kaminski's vehicle at the time of the accident and therefore was not a defined insured under its policy. Plaintiff asked the court to determine that its policy did not apply on the grounds that defendant had not complied with its notice requirements and that the injury was covered by the State Farm policy. Defendant requested a finding that the uninsured

motorist provisions of both policies applied, and his motion also contained an allegation that he was entitled to medical payments benefits under a separate provision of plaintiff's policy. Thereafter, defendant counterclaimed for declaratory judgment against plaintiff and State Farm, seeking a determination that he is entitled to uninsured motorist and medical payments benefits under plaintiff's policy as well as uninsured motorist benefits under the State Farm policy. The record contains no answer by plaintiff to this counterclaim.

The uninsured motorist coverage of plaintiff's policy provides for payment of "all sums which the insured *** shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury *** sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile ***." Payment thereunder is limited by an "other insurance" clause, which provides in relevant part:

"With respect to bodily injury to an insured while occupying an automobile not owned by the Subscriber, the insurance under [the uninsured motorist coverage] shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

A separate section of plaintiff's policy, entitled "Expenses for Medical Services," provides for payment of "all reasonable expenses incurred within one year from the date of accident *** to or for the Subscriber *** who sustains bodily injury *** caused by accident, *** through being struck by an automobile ***." This coverage, too, is limited by an "other insurance" clause, but this clause provides:

"If there is other automobile medical payments insurance against a loss covered by [the medical payments provision] of this policy the Exchange shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance ***."

At a hearing on the cross-motions for summary judgment, the trial court noted that the issue to be decided was whether defendant, at the time of the accident, came within the definition of "occupant" contained in the State Farm policy; that is, whether he was "on, upon or alighting from" Kaminski's vehicle when struck by an uninsured motorist. Defendant also argued that he should be allowed to stack

coverage under the two uninsured motorist provisions, but no mention was made of the medical payments benefits raised in his motion and sought in his counterclaim as due him under a separate provision of plaintiff's policy.

The trial court, in denying summary judgment to State Farm, found that defendant was an occupant of Kaminski's vehicle at the time in question, and thus that State Farm's policy covered defendant's claim. In granting summary judgment to plaintiff, the court held that its policy does not apply and that the "other insurance" provision contained in plaintiff's policy precluded stacking with the State Farm policy. Defendant appeals only the grant of summary judgment to plaintiff. No other appeals have been taken from this order.

OPINION

Defendant first contends that he is entitled to recover uninsured motorist benefits under both policies. He acknowledges that the Illinois Supreme Court established a contrary rule in *Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill. 2d 234, 274 N.E.2d 1,[1] and *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97, but argues that subsequent decisions of that court mandate reconsideration and overruling of *Morelock* and *Putnam*.

In *Putnam*, the court considered an "other insurance" clause virtually identical to that in the instant action. There, the plaintiffs were passengers in a car owned by a friend and insured by Hartford Accident and Indemnity Company when it was struck by an uninsured motorist. Hartford covered all injuries arising from the accident to the extent of the $20,000 per accident limit of its uninsured motorist coverage, and each plaintiff received a *pro rata* share of $7,500. Plaintiffs then sought compensation under their own uninsured motorist coverage with New Amsterdam Casualty Company to the extent that their damages exceeded the $7,500 recovered from Hartford. The court, finding that the "excess-escape" limiting clause of the New Amsterdam policy was clear and unambiguous, held that plaintiffs

---

[1]We note that *Morelock* was subsequently overruled to the extent that it is in conflict with *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150. *Kaufmann* did not address the issue for which defendant cites *Morelock; i.e.,* whether an "other insurance" clause contravenes the public policy reflected in the uninsured motorist provisions of section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 755a). Furthermore, the supreme court recently reached the same conclusion on the public policy question that it stated in *Morelock*, albeit without citation thereto. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.

were precluded from recovering under it.

*Morelock* again considered an "other insurance" clause identical to the one in the instant action and determined that it was not contrary to public policy. The court noted that "[c]onstruing an insurance contract accurately and giving it the effect which its language clearly commands, is not *ipso facto* a breach of public policy merely because it disappoints the innocent victim of an uninsured motorist." 49 Ill. 2d 234, 238, 274 N.E.2d 1, 3.

Defendant maintains that the court in *Morelock* and *Putnam* was using a "Strict textual" approach in deciding that the clause in question was not ambiguous and did not contravene public policy. He argues that the court should have considered the factual context or the reasonable expectations of the policyholders, an approach he insists was adopted by the court in subsequent decisions.

■ Initially, we note that once our supreme court has declared the law on a point, we are bound by that decision (*Vinke v. Artim Transportation System, Inc.* (1980), 87 Ill. App. 3d 400, 408 N.E.2d 1112), and it can be overruled only by a subsequent decision of the supreme court (*Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906; *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.3d 91). In *Putnam*, the supreme court confronted the same issue raised here by defendant, involving the same limitation clause and the same factual situation, and decided that the clause at issue was not ambiguous and did not contravene public policy. Subsequent supreme court decisions, far from overruling *Putnam,* as argued by defendant, have either distinguished it (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247), or cited it extensively (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539). Therefore, we are bound by the *Putnam* decision, which is dispositive of the issue before us.

Furthermore, the cases defendant relies on in asserting that subsequent decisions require a reexamination of *Putnam* involve different factual situations. The supreme court has found a limiting clause ambiguous where multiple policies were issued by the same insurer to one insured (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247) or to members of the same household (*Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150). However, we have distinguished these cases and adhered to the rule established in *Putnam* where the policies in question, as here, were issued by different insurers "to insureds who were entirely different from each other, with no common

connection other than the fact that each policy covered [the injured person] as an insured" at the time of the accident. *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 899, 377 N.E.2d 62, 65.

■ Defendant also argues that we must consider the reasonable expectations of the parties and the so-called "premium rule" which states that "when premiums have been paid for separate policies, it seems both equitable and desirable to permit recovery under more than one policy until the claimant is fully indemnified." (*Maid v. Illinois Farmers Insurance Co.* (1981), 101 Ill. App. 3d 1065, 1067, 428 N.E.2d 1139, 1141.) However, as recent cases have noted, these considerations are appropriate only where the language of the clause is ambiguous, for they are rules of construction. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539; *Maid v. Illinois Farmers Insurance Co.* (1981), 101 Ill. App. 3d 1065, 428 N.E.2d 1139.

Finally, we note that the rule established in *Putnam* was recently considered by the supreme court in *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539. There, the court was asked to construe an "other insurance" clause in an uninsured motorist provision which limited an insured's recovery under multiple policies issued by the same insurer. The clause considered was worded similarly to the clause in the instant action, and the court held that it was to be applied as written because it was neither ambiguous nor contrary to public policy. In the light of this most recent reaffirmation of the principles established in *Putnam*, we do not believe that any reconsideration of the law is mandated.

Defendant next contends that the court's order denying him any recovery under plaintiff's policy is erroneous. He maintains that, even if recovery is precluded under the uninsured motorist provisions of that policy, he is still entitled to recover under the medical payments provision, since the "other insurance" clause therein does not contain the same limitations. Plaintiff argues that this issue is not properly before us, since it was never presented to nor considered by the trial court. It maintains that even if the issue was raised by the pleadings, defendant's failure to pursue that issue before the trial court precludes our review.

The parties are not in agreement on the question whether defendant's recovery under the medical payments provision of plaintiff's policy was decided by the trial court in these cross-motions for summary judgment. It is apparently defendant's position that the issue was considered, but decided adversely to him, while plaintiff contends that

the issue was not before the trial court. Therefore, we must first determine what issue was presented by the various motions for summary judgment.

State Farm's motion for summary judgment sought a declaration "that there is no coverage afforded to [defendant] under the Uninsured Motorist provisions" of its policy. Plaintiff's motion asked for a ruling "that [State Farm] provides Uninsured Motorist Coverage to [defendant] and that [plaintiff] provides no [uninsured motorist coverage] in this instance to [defendant] ***." Paragraph 7 of defendant's motion for summary judgment recites that a claim was made against plaintiff for uninsured motorist and medical payments benefits, and paragraph 9 sets forth a portion of the medical payments provision of plaintiff's policy. However, defendant asks the court to declare only "that there is coverage afforded to [defendant] under the Uninsured Motorist Provisions of the pertinent insurance policies of Plaintiff *** and [State Farm] ***."

■ Thus, it appears that the sole issue raised in the cross-motions for summary judgment concerned the uninsured motorist provisions of the two policies. This conclusion is supported by the trial court's statement, at the hearing on these motions, that "[t]he issue in the case is *** a question of whether or not the applicable provision of the insurance policy which provided for insurance coverage for accidents suffered when an insured is on, upon or alighting from his motor vehicle applies in this case." None of the parties objected to this characterization of the motions, or sought to argue the applicability of any provision other than the uninsured motorist benefits. Therefore, we believe that the single issue before the court on these motions was recovery of uninsured motorist benefits.

■ While we do not agree with defendant that the medical payments issue has been decided by the trial court, neither do we accept plaintiff's contention that defendant waived this issue by not raising it in the trial court. This contention assumes that the court's order was a final adjudication of all matters pending before the court—an assumption with which we are not in accord. In this regard, we initially note that orders must be interpreted within the context of the motions which accompany them (*Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911), and because the sole question before the trial court concerned the uninsured motorist provisions, the court's order precludes defendant's recovery only under those provisions of plaintiff's policy. Furthermore, defendant filed a counterclaim seeking a declaratory judgment of his rights under the uninsured motorist provisions of both policies and under the medical payments pro-

visions of plaintiff's policy. While aspects of that counterclaim have been adjudicated on the motions for summary judgment, that portion dealing with the medical payments provisions is still pending. The court could not have granted summary judgment on that issue for either party, since it could not grant a motion which was never made by any of the parties. *Crooks Terminal Warehouses, Inc. v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 693, 404 N.E.2d 889.

█ Finally, we do not believe that defendant's failure to raise the issue of medical payments benefits in its motion for summary judgment was fatal to its rights of recovery thereunder, as plaintiff seems to imply, for section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005), formerly section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57) specifically provides that either party may move "for a summary judgment in his or her favor as to all *or any part* of the relief sought." (Emphasis added.) Therefore, defendant's motion here should be treated as being for partial summary judgment, and it is immaterial that there are other claims before the court upon which defendant might obtain relief. (*Brewer v. Daubert Chemical Co.* (1979), 72 Ill. App. 3d 718, 391 N.E.2d 110.) Moreover, a partial summary judgment is a final order which is appealable where, as here, there is a finding under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) of "no just reason for delaying enforcement or appeal." *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 389 N.E.2d 1286.

For the foregoing reasons, the summary judgment for plaintiff is affirmed and the cause remanded for further proceedings.

Affirmed and remanded.

WILSON, P.J., and LORENZ, J., concur.