MARGARET K. WINKLER, Individually, and as Ex'rx of the Estate of Lloyd L. Winkler, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Fourth District No. 13170

Opinion filed January 13, 1976.—Rehearing denied February 25, 1976.

494

Leiken, Leiken & Leiken, of Eureka, and Kavanagh, Scully, Sudow, White & Frederick, of Peoria (Larry M. Leiken and Julian E. Cannell, of counsel), for appellant.

Costigan, Wollrab, Fraker, Wochner & Nierynck, of Bloomington, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff, executrix of the estate of Lloyd Winkler, brought suit against defendant, decedent's automobile insurance carrier, asking the court to construe the uninsured motorist provisions of two policies issued by defendant. The circuit court construed the provisions so as to preclude coverage. Plaintiff appeals. We affirm.

Decedent was a passenger in an automobile operated by Eugene Anderson when an uninsured motorist caused a collision which resulted in Mr. Winkler's death. Anderson had uninsured motorist coverage with Preferred Risk Mutual Insurance Company. That company paid up to the limits of Anderson's coverage. The coverage was the standard $10,000 per person, $20,000 per accident. Plaintiff, executrix, received $5,000 as her apportioned share.

Decedent was the owner of two automobile insurance policies issued by defendant, covering separate vehicles. Each policy contained the same uninsured motorist coverage: $10,000 per person, $20,000 per accident. State Farm argues that, under the "excess-escape" clause of each policy, there is no coverage. Plaintiff argues that the clause should be interpreted so as to allow "stacking" of the two policies so that the coverage is $20,000 per person/$40,000 per accident. If the policies are stacked plaintiff would recover the excess $10,000 per person over the limit of the Anderson policy.

The "other insurance" provision in question is as follows:

"Under coverage U with respect to bodily injury to an insured while occupying a motor vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over *any other similar insurance* available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage *exceeds the sum of the applicable limits of liability of all such other insurance.*

Subject to the foregoing paragraph, under coverage U if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance." (Emphasis added.)

The first paragraph is an "excess-escape" clause. The second, which applies if the first does not, is a "pro-rata" clause.

■■ Decedent falls within the terms of the first paragraph since he received injuries while a passenger in a car he did not own. This is a standard "excess-escape" clause. The combination of the "excess" and "escape" features work so that the insured's company pays compensation in addition to that received from some other source (Preferred Mutual in this case) up to the limits of the policy only to the extent this insurance exceeds the limits of the other policy. If each State Farm policy is considered separately it is apparent that there is no excess since the limits of both the State Farm policies and The Preferred Risk policy are $10,000/$20,000. This is true regardless of whether "any other similar coverage" is read to include or exclude similar coverage written for the insured by the same company. Plaintiff argues that "this coverage," "the insurance hereunder," "this insurance" should be construed to mean all coverage written by the company, *i.e.*, both State Farm policies stacked together. However, the language of this clause clearly and unambiguously refers to the policy in which the language occurs. If the language is clear, the court must construe and enforce the contract as made. *Tuthill v. State Farm Insurance Co.*, 19 Ill.App.3d 491, 311 N.E.2d 770.

■■ Two recent Supreme Court cases have construed clauses, which were essentially similar to the one present here, as precluding coverage. In *Putnam v. New Amsterdam Casualty Co.*, 48 Ill.2d 71, 269 N.E.2d 97, plaintiff's passengers filed suit to recover under the uninsured motorist

provision of their own automobile policy after recovering benefits under the uninsured motorist coverage of their host. The court held that the "excess-escape" clause should be given effect since the purpose of the legislative requirement for such coverage was to put the insureds in as good a position as if they had been hit by a motorist in compliance with Financial Responsibility Law. Plaintiffs were in as good a position since they recovered from their host's policy what would have been recovered from a motorist in minimum compliance with the Financial Responsibility Law.

In *Morelock v. Millers Mutual Insurance Association*, 49 Ill.2d 234, 274 N.E.2d 1, essentially the same factual situation was presented. The Supreme Court held that the excess-escape clauses were not contrary to public policy.

The only differentiating factor presented in the case at bar is that decedent held, not one, but two policies with uninsured motorists provisions.

Plaintiff contends that *Glidden v. Farmers Automobile Insurance Association*, 57 Ill.2d 330, 312 N.E.2d 247, is authority for her position that the State Farm policies should be stacked. The plaintiff in *Glidden* owned three separate policies on three vehicles. The policies were in all essential respects similar to those involved here. The excess-escape clause was not involved in *Glidden* since the plaintiff's wife, covered by the policies, was killed by an uninsured motorist when she was a pedestrian, not an occupant of a car. The clause in question was a "pro-rata" clause. The court held that plaintiff was entitled to collect up to the limit on each policy, and the policies were not to be read literally so as to prorate each against the coverage provided by the others. The court reasoned that the clause had no meaningful purpose when applied to coverage issued by one company to one insured, since the purpose of a "pro-rata" clause is to protect the company from having to pay a disproportionate amount of a loss to be shared with another company. Since an ambiguity existed in this particular factual situation, the general rule that the contract should be construed in favor of the insured was applicable.

■■ In the case at bar, each "excess-escape" clause serves a purpose by providing for a determination of the extent of State Farm's liability in relation to the coverage of another company. No ambiguity is presented by this factual situation so the rule of construction that a contract should be construed in favor of the insured is not applicable. Therefore since the excess-escape clause is unambiguous and does not violate public policy, each must be given its plain and literal meaning. Accordingly the trial court was correct in finding that these clauses precluded recovery by plaintiff.

Plaintiff raises a second issue concerning the death benefit provision. The pertinent part of the medical payments provisions is as follows:

"To pay $1,000 in the event of the death of the first person named in the declaration, or his spouse if a resident of the same household, which shall result directly and independantly of all other causes from bodily injury caused by accident and sustained by such person or spouse while occupying or through being struck by a motor vehicle or trailer, if death occurs within 90 days of the accident. *If more than one policy issued by the company applies to this division, the total limit of the company's liability under all such policies shall not exceed the amount applicable under one policy.*" (Emphasis added.)

State Farm has paid plaintiff $1,000 as a death benefit under one policy. Relying on the limitation in the last sentence of the provision, it has refused to pay the second death benefit. Plaintiff argues that this violates public policy in that two separate premiums are paid but only one benefit is received.

In *Glidden,* the court held that plaintiff was entitled to recover the entire amount, to the extent damages were sustained, under each of the three policies' medical payments provision. The medical payments provision, however, was also a pro-rata clause, and the court's reasoning that the pro-rata clause was meaningless when applied to coverage within the company, was fully applicable to the medical payments clause. The court in *Glidden* also said:

"It would be unconscionable to permit the single insurer to issue the three coverages to the insured, collect the premiums therefor, and contend the 'other insurance' clause bars recovery of more than the limit expressed in one policy." 57 Ill.2d 330, 337, 312 N.E.2d 247, 251.

■■ Unlike *Glidden,* the clause in the present case clearly and unambiguously restricts payment. It was part of the contract plaintiff's decedent signed. Plaintiff has not alleged that the premiums were not adjusted to reflect the fact that only one death benefit would be paid under the two policies.

Under these circumstances we do not find that this restriction violates public policy.

Judgment of the circuit court of Woodford County affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.