ERVIN MENKE, Adm'r of the Estate of Dianna Menke, Deceased, Plaintiff-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fifth District   No. 78-37

Opinion filed January 24, 1979.—Supplemental opinion filed on denial of rehearing March 8, 1979.

Philip G. Feder, of Ducey & Feder, Ltd., of Belleville, for appellant.

Bernard J. Ysursa, of Sprague, Sprague & Ysursa, of Belleville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant Country Mutual Insurance Company appeals from a judgment of the Circuit Court of St. Clair County granting plaintiff's motion for summary judgment allowing "stacking" of uninsured motorist insurance coverage.

The facts are not in dispute. Plaintiff's daughter was killed when an uninsured motor vehicle in which she rode as a passenger left the roadway and crashed. As a member of plaintiff's household, the decedent was covered by the uninsured motorist provisions of plaintiff's two automobile insurance policies issued by Country Mutual. The first policy covered two vehicles, and the second covered one vehicle. Because of statutory requirements of uninsured vehicle coverage for any insured vehicle registered in this State (Ill. Rev. Stat. 1975, ch. 73, par. 755a), plaintiff had three uninsured vehicle coverages in effect, each for $10,000 per person and $20,000 per accident.

Plaintiff made a claim for payment for benefits under the uninsured motorist provisions of all three policies in the sum of $30,000. Defendant denied the claim on the basis of certain provisions in each policy. Each policy included the following provision in "Section II—PROTECTION AGAINST BODILY INJURY BY UNINSURED VEHICLES":

"CONDITIONS UNDER SECTION II

General Conditions 1 through 15 apply to Section II and under Section II."

Paragraph number 7 under "GENERAL CONDITIONS" in each policy states:

"7. OTHER AUTOMOBILE INSURANCE IN THE COMPANY

With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

Plaintiff filed a complaint for declaratory judgment requesting the court to declare that the uninsured motorist provisions of the three

policies could be "stacked" to provide a total coverage of $30,000 for the wrongful death of plaintiff's decedent. Country Mutual by its answer denied that plaintiff should be permitted to "stack" the uninsured motorist provisions and asked the court to declare the total coverage provided per person to be $10,000.

The exhibits of record included statements of coverage and premiums and the insurance policy in issue. The statements show that for each vehicle covered there was uninsured vehicle coverage of $10,000 per person and $20,000 per accident, the semiannual premiums for which were $1.60 for vehicle 1, $1.70 for vehicle 2, and $1.80 for vehicle 3. The record contains plaintiff's affidavit stating that when he purchased the insurance coverage on the second and third vehicles, he was not advised that he would not be receiving any additional uninsured motorist insurance coverage. Country Mutual filed an affidavit made by its senior claims attorney stating the method by which Country Mutual determines its premiums for uninsured motorist coverage.

Upon plaintiff's motion for summary judgment, the court held that the uninsured motorist coverage for the deceased was in the amount of $30,000. The issue is whether, as a matter of law, the insurance policy language excludes stacking of uninsured motorist provisions of the three Country Mutual policies.

■■ We reverse the trial court and hold that plaintiff's recovery from Country Mutual is limited to $10,000 by reason of paragraph 7 of the General Conditions of each of the three policies. Paragraph 7 is clear and unambiguous, and therefore it must be taken in its plain, ordinary and popular sense. *Tuthill v. State Farm Insurance Co.* (1974), 19 Ill. App. 3d 491, 311 N.E.2d 770.

Plaintiff relies on *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, and *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044, in support of his position that the insurance policies may be stacked. These cases are distinguishable.

In *Glidden* the plaintiff's wife, while a pedestrian, was struck and killed by an uninsured motorist. Plaintiff owned three automobile policies issued by the defendant-insurer each containing uninsured motorist insurance coverage in the amount of $10,000 per person. Each policy contained an express "other insurance" clause which stated,

"OTHER INSURANCE:

* * *[I]f the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company will not be

liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

It was defendant's position in *Glidden* that the "other insurance" clause above quoted limited its pro rata liability under each policy to $3,333.33 and that that clause prevented "stacking" uninsured motorist coverage. The court, however, found the "other insurance" clause to be ambiguous, construed it in favor of the insured, and held that the plaintiff was entitled to recover a maximum of $30,000. The court stated at 57 Ill. 2d 330, 336, 312 N.E.2d 247, 250:

"When an insured purchases three distinct policies from an insurer, each providing the specified coverage, and pays a separate premium for each, does he reasonably contemplate that the 'other insurance' clauses therein are effective to reduce his recovery to what he would have obtained under one policy? We think not. The apparent purpose of 'other insurance' clauses is to make certain that one company does not pay a disproportionate amount of a loss which is to be shared with another company. There is no purpose in proration unless the 'other insurance' is written by another company. The clause has no meaningful purpose when applied to coverage issued by one company to one insured. In this situation its meaning is ambiguous, and the clause should be construed in favor of the insured."

We believe paragraph 7 in Country Mutual's policies to be distinguishable from the "other insurance" clause in *Glidden*. The ambiguity in *Glidden's* "other insurance" clause arose because it amounted to a proration scheme which made no sense when applied to multiple coverage issued by the same company. Paragraph 7 in the instant case, however, specifically refers to *other insurance with the same insurer,* i.e., "With respect to any occurrence * * * to which this and *any other automobile insurance policy issued to the Named Insured by the Company also applies * * *"* and clearly states that in such a circumstance Country Mutual's liability is limited to the highest benefit amount under any one of the policies. It is a straightforward and unambiguous limitation.

The Supreme Court of Illinois again considered the question of stacking uninsured motorist coverage in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044. An uninsured motorist struck a car which struck the plaintiff as she stood on a parkway. She was an insured in a primary automobile policy and an endorsement thereon which provided coverage to an additional family automobile.

Each vehicle had uninsured motorist coverage in the amount of $10,000 per person.

Plaintiff claimed $20,000 coverage and defendant sought to prevent the stacking of the uninsured motorist coverage by the following language in the policies.

> "The limit of liability for family protection [uninsured motorist] coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages * * *."

Plaintiff argued that the named insured had paid a $1 premium for the additional uninsured motorist coverage and thus had purchased additional uninsured motorist protection. She also argued that the policy's clause quoted above was ambiguous. Plaintiff claimed the ambiguity should be resolved in her favor.

Defendant argued that the policy's language was unambiguous and that what an insured received for his $1 premium on the additional uninsured motorist coverage was protection against accidents by uninsured motorists while the insured was riding in the second car. Defendant said this circumvented another exclusion in the policy which provided,

> "Exclusions: This policy does not apply under Part IV:
> (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;
> * * *"

The court found defendant's theory of consideration meritless because the exclusion quoted immediately above violated section 143a(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 755a(1)) and the public policy expressed therein concerning uninsured motorist coverage. The exclusion being thus unenforceable, defendant had failed to show coverage of any additional *risks*. The court then determined that the parties must have intended the additional $1 premium to purchase additional *indemnification* for the same risks.

The court also found that the language used in the policy to prevent stacking was ambiguous. The court said at 69 Ill. 2d 167, 179-80, 370 N.E.2d 1044, 1049,

> "[D]efendant limited its liability under the uninsured motorist provision to the amount 'stated in the declaration as applicable to "each person." ' Since there are two declaration pages, both setting limits of '$10,000 each person,' the meaning of the defendant's limitation is ambiguous in this situation and must be construed in favor of the insured."

We believe the instant case to be distinguishable from *Squire*, also, by the language of their policies. The policy in *Squire* failed specifically to state that when there were insurance policies with the same insurer, recovery would be limited to the limits of but one policy.

*Winkler v. State Farm Mutual Automobile Insurance Co.* (1976), 35 Ill. App. 3d 493, 341 N.E.2d 379, is in accord in holding that courts must enforce clear provisions of insurance contracts as made. In *Winkler* plaintiff's decedent was insured under two of defendant's automobile policies, each of which included a $1,000 death benefit provision. Plaintiff claimed both death benefits, but defendant paid only one relying on the following language in the death benefit provision:

> "To pay $1,000 in the event of the death of the first person named * * *. *If more than one policy issued by the company applies to this division, the total limit of the company's liability under all such policies shall not exceed the amount applicable under one policy.*" (Emphasis added.)

Relying on *Glidden*, the plaintiff argued that this limitation was a violation of public policy in that two separate premiums were paid but only one benefit would be received.

The *Winkler* court affirmed for defendant and distinguished its case from *Glidden* by the exclusionary language in the *Winkler* policies. The court said at 35 Ill. App. 3d 493, 497, 341 N.E.2d 379, 382,

> "Unlike *Glidden*, the clause in the present case clearly and unambiguously restricts payment. It was part of the contract plaintiff's decedent signed."

The language in *Winkler's* exclusionary clause is very similar to that in paragraph 7 of the contract in the case before us. These clauses are clear and understandable. Paragraph 7 clearly applies to uninsured motorist coverage and plainly states that if the insured party has another policy with the company that would apply to an occurrence, the company's total liability under all policies will not exceed the highest applicable limit under any one policy.

██ █ Although we believe the clarity of paragraph 7 is determinative of this appeal, the question of additional premiums is also raised. Plaintiff argues in his brief that "* * * when we talk in terms of Uninsured Motorist Coverage there appears to be no logical reason to increase the premium at all or to charge an additional premium for additional automobiles when in effect no additional coverage is forthcoming from the policy." We believe, as plaintiff admitted in his brief, that "some sort of premium should be charged just to handle the additional administrative paperwork that may be entailed in writing up the various policies." According to Country Mutual's affidavit, a flat rate for uninsured motorist coverage *is* charged and a discount or surcharge

applied on the basis of the principal insured driver's driving record and the date coverage commenced. Accordingly, because of different commencement dates, different discount levels were applied to the three Country Mutual policies involved here. We find defendant's affidavit adequately answers the question of why the premiums differ. There was other consideration for the premiums paid by the plaintiff. He received what he had bargained for—coverage of others and his own household who may occupy his second and third automobiles. We, also, cannot ignore, in responding to the plaintiff's contention that there is no reason to charge additional premiums for other vehicles in the same household if stacking is denied, the fact that the statute clearly mandates such coverage to be written into each motor vehicle policy (Ill. Rev. Stat. 1975, ch. 73, par. 755a).

We believe in this case Country Mutual has followed the mandates of public policy with regard to its uninsured motorist provisions. Though, in these policies, recovery is distinctly limited to the limit of any one policy, the insured is guaranteed a recovery in the amount required under the Financial Responsibility Law, $10,000 per person. The insured also has the option of purchasing uninsured motorist coverage in a greater amount. Furthermore, and most important here, Country Mutual's prohibition of stacking uninsured motorist coverage is straightforward. "Construing an insurance contract accurately and giving it the effect which its language clearly demands, is not *ipso facto* a breach of public policy merely because it disappoints the innocent victim of an uninsured motorist." *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 86, 269 N.E.2d 97.

Accordingly, we reverse the judgment of the Circuit Court of St. Clair County and remand this cause with directions that a judgment be entered consistent with this opinion.

Reversed and remanded.

KARNS and JONES, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KUNCE delivered the opinion of the court:
Plaintiff's petition for rehearing seeks our re-examination of the cases he relied upon in this appeal, *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, and *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044. He contends that our decision erroneously ignores the law regarding exclusionary language in insurance contracts as stated by the supreme court in these

two cases. Specifically, plaintiff argues that we have interpreted Country Mutual's exclusionary clause in a factual vacuum and have ignored the parties' intent with regard to uninsured motorist insurance coverage. This, says plaintiff, is contrary to *Glidden* and *Squire*.

We disagree. Having re-examined *Glidden* and *Squire*, the matter before us and our decision thereon, we deny plaintiff's petition for rehearing. We maintain our position that *Glidden* and *Squire* are clearly distinguishable from the instant matter by reason of the extremely ambiguous exclusionary contract language involved in them. By contrast, Country Mutual's exclusionary language here is most clear and straightforward. Paragraph 7 of "GENERAL CONDITIONS" is readily understandable.

In our opinion, we mention the requirement of the Illinois Insurance Code that uninsured motorist insurance coverage be included in every automobile insurance policy. (Ill. Rev. Stat. 1975, ch. 73, par. 755a.) Since uninsured motorist insurance coverage could not be omitted in plaintiff's policies, we find that the contracting parties, by their straightforward and unambiguous limitation of coverage in paragraph 7 of "GENERAL CONDITIONS," intended to limit the insured's total uninsured motorist coverage to $10,000, the amount required by law.

As for the question of whether payment of roughly $1.50 for uninsured motorist coverage which was to be inapplicable is consistent with such intent, we find it to be, for as plaintiff admits in his brief, "some sort of premium should be charged just to handle the additional administrative paper work that may be entailed in writing up the various policies." We find these additional premiums consistent with an intent to limit the insured's uninsured motorist coverage.

Petition denied.

JONES and KARNS, JJ., concur.