GREGORY W. SCHWEIGHART, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fourth District   No. 4—83—0530

Opinion filed February 6, 1984.

John F. Bramfeld and Hurshal C. Tummelson, both of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellant.

Mary A. Perlstein and Guy C. Hall, both of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Uninsured motorist coverage.

Primary insurer paid.

Secondary insurer denied liability.

Summary judgment for insured.

We affirm.

Gregory Schweighart filed for declaratory judgment seeking a determination that he was entitled to coverage under the uninsured motorist endorsement of a policy issued by Country Mutual Insurance

Company. After cross-motions for summary judgment, the trial court entered judgment for Schweighart.

Country Mutual appeals.

Schweighart was injured on August 16, 1978, when the motorcycle he was driving was struck by a car driven by an uninsured motorist. Subsequently, he filed a claim under the uninsured motorist endorsement of a First Financial Insurance Company policy in which he was the named insured. The policy was in full force at the time of the collision and provided for up to $10,000 in uninsured motorist coverage. Schweighart settled his claim with First Financial for $9,750 and released the company from any further liability in connection with the occurrence.

At the time of the accident Schweighart was an unemancipated minor residing in the home of his father. The father held a Country Mutual Insurance Company policy which provided uninsured motorist protection to his minor son as a relative residing with the named insured. After settling the claim under the First Financial policy, Schweighart filed a notice of claim under the uninsured motorist endorsement of the Country Mutual policy (which carried a $50,000 maximum limitation). Country Mutual denied coverage on grounds that Schweighart had not exhausted the limits of his primary insurance and, therefore, could not invoke the coverage provided pursuant to the Country Mutual policy. The pertinent provision in the Country Mutual policy provides as follows:

> "With respect to bodily injury to an insured while occupying a vehicle not owned by the Named Insured, the insurance hereunder shall apply only as excess insurance over any similar insurance available for such occupant and this insurance shall then apply only in the amount by which the applicable Limit of Liability for this Section exceeds the sum of the applicable Limits of Liability of all such other insurance."

On appeal, as in the trial court, Country Mutual maintains that the "other insurance" provision just quoted required Schweighart to obtain the full limit of liability under the First Financial policy before any Country Mutual coverage would become available. Country Mutual contends that no coverage was available to Schweighart under its policy because Schweighart settled with First Financial for less than the full limit of the primary policy. In response, Schweighart argues that Country Mutual is liable in the amount that the limit of liability under the Country Mutual policy exceeds the limit of liability under the First Financial policy, without regard to the amount he actually realized in connection with his claim under the First Financial policy.

Schweighart's position was adopted by the trial court in granting summary judgment.

■ The parties have not directed this court to any case in which the policy provision in issue has been construed in similar factual circumstances. The absence of any ambiguity in the provision, however, renders reference to external authority unnecessary to a disposition of this appeal. It is well established that if the provisions of an insurance policy are clear and unambiguous, there is no need for construction, and the provisions will be applied as written. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539; *Winkler v. State Farm Mutual Automobile Insurance Co.* (1976), 35 Ill. App. 3d 493, 341 N.E.2d 379.) An insurance policy is deemed ambiguous if it is subject to more than one reasonable interpretation. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250, 430 N.E.2d 641; *Reserve Insurance Co. v. General Insurance Co. of America* (1979), 77 Ill. App. 3d 272, 395 N.E.2d 933.) Country Mutual does not specifically allege any particular ambiguity in the policy, and we find the provisions of the policy to be abundantly clear. Absent ambiguity in the terms of the Country Mutual policy, no judicial construction is required, and the policy may be enforced as written.

The policy provision in issue does not—by its terms—require an insured to secure the full limits of a primary policy before the Country Mutual policy may be invoked. Nor does it contain any language to suggest such a limitation. Rather, the policy plainly states that the coverage shall apply "in the amount by which the applicable Limit of Liability of this Section [$50,000 under the Country Mutual policy] exceeds the sum of the applicable Limits of Liability of all other insurance [$10,000 under the First Financial policy]." Country Mutual's position finds no support in the language of the policy. The provision defines the Country Mutual coverage in these circumstances as excess coverage applicable to losses in excess of the primary policy limit of liability. Under the terms of the policy, the details of a claimant's settlement with the primary insurer are simply immaterial.

■ We find no error in the trial court's determination that Schweighart is entitled to coverage under the Country Mutual policy to the extent that he sustained uncompensated damages in an amount greater than $10,000, but no greater than $50,000. The policy is clear and unambiguous on this point. Accordingly, we affirm.

Affirmed.

TRAPP and GREEN, JJ., concur.