MILDRED V. GOSS *et al.*, Plaintiffs-Appellees, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)   No. 85—2349

Opinion filed September 15, 1986.

James J. Hoffnagle, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellant.

Anthony L. Russo, of Anthony L. Russo, Ltd., of Oak Brook, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

At issue is whether an excess-escape clause unambiguously precludes plaintiff, Mildred Goss, from "stacking" uninsured-motorist coverage under her own policy provided by defendant, State Farm Mutual Automobile Insurance Company (State Farm), with that provided by a similar State Farm policy issued to her husband, Hosea Goss. The trial court held that the excess-escape clause in her husband's policy did not unambiguously preclude aggregate coverage. We affirm.

On July 21, 1982, Mildred and Hosea Goss were passengers in a car that was involved in a collision with another automobile driven by Terry Lee Williams, an uninsured motorist. The vehicle in which plaintiffs were riding was operated by Emil Benak and was insured by the Economy Fire & Casualty Company. The insurance policy covering the Benak vehicle provided for a maximum uninsured-motorist coverage of $10,000 per person and $20,000 per accident, and applied to all passengers in the insured vehicle. Plaintiffs received $1,000 from Economy Fire & Casualty Company.

At the time of the accident, Mildred and Hosea Goss each owned separate automobile insurance policies issued by State Farm. Both policies contained uninsured-motorist coverage limits of $15,000/$30,000. The Gosses made a claim under Mildred Goss' policy. State Farm paid Mildred $15,000 and Hosea $500. Mildred then made a claim under Hosea's policy. State Farm refused to pay and the Gosses brought this suit for declaratory judgment requesting that defendant be precluded from asserting any policy defense to their claim for arbitration and that the court order defendant to arbitrate. Subsequently, the trial court denied defendant's motion for summary judgment and ordered defendant to arbitrate Mildred's claim under her husband's policy based on its finding that Hosea's policy affords uninsured-motorist coverage in addition to the coverage afforded to Mildred under her own policy. State Farm appeals.

■■ The law to be applied when construing such provisions was set forth in the case of *Greenholt v. Inland National Insurance Co.* (1980), 87 Ill. App. 3d 638, 640, 410 N.E.2d 150:

"A basic principle in the interpretation and enforcement of insurance policies is that the parties' agreement, to the extent that it does not contravene public policy, is to be enforced as written. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539.) Where any provision of the policy is ambiguous, such ambiguity should be construed in favor of the insured, but this interpretive bias in favor of the policyholder is a rule of construction only (78 Ill. 2d 420, 424), and rules of con-

struction will not be resorted to when a contract is clear and unambiguous. (*H.B.G. Corp. v. Houbolt* (1977), 51 Ill. App. 3d 955, 962, 367 N.E.2d 432.) Ambiguity, however, is not limited to grammatical imprecision in the policy; the particular factual setting of the insurance policy provides a framework for determining that the policy as executed is consistent with the intent of the parties. *Glidden v. Farmer's Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247."

The relevant provisions in the Goss' policies are as follows:

"Policy Conditions

Condition 9. Other Insurance

First, under coverage U with respect to bodily injury to an insured while occupying a motor vehicle not owned by named insured under coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

Subject to the foregoing paragraph, under Coverage U:

Other Uninsured Motor Vehicle Insurance Issued by the Company.

If other uninsured motor vehicle insurance issued by the company to the named insured also applies to the insured's bodily injury, the total limits of liability under all such coverage shall not exceed that of the coverage with the highest limit of liability.

Other Insured Motor Vehicle Insurance Issued by Other Companies.

If other uninsured motor vehicle insurance is issued by another company also applies to a loss covered by this coverage, this company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this insurance and such other insurance."

The first paragraph of the "other insurance" provision is known as an "excess-escape" clause. (*Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.) The third paragraph is known as a "*pro rata*" clause. (*Potts v. Madison County Mutual Automobile Insurance Co.* (1983), 112 Ill. App. 3d 50, 55, 445 N.E.2d 33, *appeal denied* (1983), 94 Ill. 2d 558.) The second paragraph has no common name. The second and third paragraphs are made subject to the first paragraph (the excess-escape clause).

Initially, defendant argues that the second paragraph alone

precludes uninsured-motorist coverage under Hosea's policy in addition to that provided to Mildred under her own policy, citing *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, where a similar provision was found to unambiguously preclude the stacking of two policies issued by an insurer to the same named insured. (78 Ill. 2d 420, 423-24.) In the case at bar, however, the second paragraph clearly refers to other policies issued by defendant to the same named insured (Hosea Goss) and is inapplicable here since the policies at issue here were issued to different named insureds (Hosea Goss and Mildred Goss). *Menke* is also factually distinguishable on this basis.

■ Defendant's second contention is that the "excess-escape" clause (first paragraph) prevents Mildred Goss from recovering under both her policy and that of her husband. Defendant argues that language in the clause referring to "other similar insurance" unambiguously means other insurance policies issued by the same insurer (State Farm) as well as insurance issued by other companies. We do not agree that it necessarily has that meaning in the factual context of this case.

The trial court noted that the "other similar insurance" language in the excess-escape clause could be interpreted as meaning only another company's insurance. The court would have so interpreted the excess-escape clause but for the fact that the *pro rata* clause (third paragraph) refers specifically to insurance by other companies. Although the *pro rata* clause seemed to limit the broad language of the excess-escape clause to other similar insurance from the same company, the court refused to adopt this interpretation because the language in the *"pro rata"* clause referring to insurance by other companies is expressly made subject to the excess-escape clause. Because the "other similar insurance" language in the "excess-escape" clause was not limited by the language in the second paragraph referring to other insurance issued by State Farm to the same named insured, or by language in the *"pro rata"* clause referring to insurance from other companies, the trial court found that the excess-escape clause could be interpreted in several ways. Even reading the three paragraphs together failed to clarify the type of situation to which "other similar insurance" in the first paragraph was meant to apply. The policy terms were, therefore, held to be ambiguous and the policy was construed in favor of the plaintiffs. We agree with the trial court's reasoning and adopt it here.

Defendant asserts that the trial court ignored the impact of section 143a—2(6) of the Illinois Insurance Code which provides that an insurer is not prohibited from including "antistacking" provisions in uninsured- or underinsured-motorists insurance policies. (Ill. Rev. Stat. 1985, ch.

73, par. 755a—2(6).) However, that section essentially codifies that holding in *Menke* that the public policy was not violated by such anti-stacking clauses. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 425.) Even though the trial court did not expressly refer to that section, the court did cite *Menke* several times in its decision. Thus, the trial court was clearly cognizant of the relevant law. Moreover, section 143a—2(6) and *Menke*, while recognizing the right of insurers to include "antistacking" clauses, do not answer the question of whether this insurer clearly did so in this instance. We hold that none of the policy provisions cited by defendant clearly and unambiguously preclude stacking in the factual situation at issue here. Hence, they are ambiguous in the context of this case, and we construe them against the insurer.

Notwithstanding the above, State Farm cites *Winkler v. State Farm Mutual Automobile Insurance Co.* (1976), 35 Ill. App. 3d 493, 341 N.E.2d 379, *appeal denied* (1976), 63 Ill. 2d 554, for the proposition that the excess-escape clause at issue here unambiguously precluded stacking. However, defendant's reliance on *Winkler* is misplaced because *Winkler* arose in a different factual situation and did not involve all of the policy provisions present in this case. *Winkler* also involved an attempt to combine the coverages of two State Farm policies *issued to the same named insured* in order to create excess coverage over and above that provided by another company. (35 Ill. App. 3d 493, 341 N.E.2d 379.) All of these factors serve to distinguish *Winkler* from the instant case. In the years since *Winkler*, other courts have held the excess-escape clauses similar to the one at issue here were ambiguous and ineffective to prevent stacking where an insured asserted aggregate coverage under his or her own policy and under a policy issued to another named insured (albeit a family member) by the same insurance company. *Kauffman v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150; see *Greenholt v. Inland National Insurance Co.* (1980), 87 Ill. App. 3d 638, 410 N.E.2d 150; *Potts v. Madison County Mutual Automobile Insurance Co.* (1983), 112 Ill. App. 3d 50, 445 N.E.2d 33, *appeal denied* (1983), 94 Ill. 2d 558; see also *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355 (disagreeing with *Winkler*), *appeal denied* (1977), 66 Ill. 2d 628.

For the reasons stated above, the judgment and order of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.