GUST E. GEORGANTAS *et al.*, Plaintiffs-Appellants and Appellees v.
COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee (Lee
W. Peters, Defendant-Appellant).

Third District Nos. 3—90—0409, 3—90—0422 cons.

Opinion filed April 2, 1991.—Rehearing denied April 25, 1991.

Tira & Tira, of Coal City (John M. Tira, of counsel), for Gust E. Georgantas and Mary Georgantas.

Broderick & Chaviano, of Chicago (Thomas H. Dunn, of counsel), for Lee W. Peters.

Dinah Lennon Archambeault, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellee Country Mutual Insurance Company.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Gust Georgantas, appeals the trial court's order denying his motion for summary judgment and granting summary judgment in favor of defendant Country Mutual Insurance Company. The defendant Lee Peters cross-appeals the trial court's order denying his motion for summary judgment and staying arbitration of plaintiff's underinsured claim.

The plaintiffs Gust and Mary Georgantas filed a three-count complaint against defendants Country Mutual Insurance Company and Lee Peters. Count I was a declaratory action against Country Mutual

Insurance Company to determine the available limits of underinsurance coverage available to Gust Georgantas; count II was a negligence action against Lee Peters, plaintiff's insurance agent, for failing to properly advise and to provide sufficient underinsurance coverage to plaintiff in his family policy; and count III was derivative of count II wherein Mary Georgantas sought damages for loss of consortium based on her husband's injuries.

Gust Georgantas owned and operated a floral business as a sole proprietorship. He purchased a business policy and a family auto policy through defendant. He insured his personal auto on the family policy. The business policy covered business or scheduled vehicles and provided for up to $250,000 in underinsurance coverage. The family policy provided for up to $100,000 in coverage; however, it contained an "antistacking" clause limiting the available underinsurance coverage to the highest policy limits of any of plaintiff's policies.

Gust Georgantas was injured when an underinsured motorist struck his personal vehicle that he was driving on company business. Country Mutual Insurance Company extended $250,000 of underinsurance coverage to the plaintiff, which was the highest limit of the plaintiff's available policies. The plaintiff was not satisfied with that amount and filed suit for a declaration that both policies could be stacked in order for the plaintiff to be eligible for $350,000 of underinsurance coverage.

The trial court ruled as follows: that Gust Georgantas was the same insured in both policies; that the antistacking clause within plaintiff's family policy was not ambiguous; and that the underinsurance limit available to the plaintiff was $250,000.

The plaintiff raises two issues on appeal: (1) whether the trial court erred in ruling that the antistacking clause is not ambiguous and that underinsurance coverage was limited to $250,000; and (2) whether the trial court incorrectly ruled that Gust Georgantas was the same insured in both policies.

We believe the trial court was correct in holding the antistacking clause applicable and enforcing the same.

■■ When interpreting an insurance policy, the words employed within the policy should be given their plain and ordinary meaning and courts should not insert ambiguities where none exist. (*Northbrook National Insurance Co. v. Nehoc Advertising Service, Inc.* (1989), 196 Ill. App. 3d 448, 554 N.E.2d 251.) Insurance companies may insert antistacking clauses into policies (Ill. Rev. Stat. 1989, ch. 73, par. 755a—2(6)), and the same have been upheld in Illinois. *Menke*

*v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.

The trial judge found the language of the policy was not ambiguous. The particular clause within the business policy read as follows:

"With respect to any occurrence, accident, health, or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limits of the Company's liability under all such policies shall not exceed the highest amount under any one such policy."

The particular clause within the family policy provided:

"Other insurance. If there is other applicable underinsured motorists insurance to cover a loss, WE will pay OUR proportionate share of the loss. OUR share is the proportion OUR limits of liability bear to the total of all applicable limits. However, in the case of MOTOR VEHICLES YOU do not own, this policy will be excess and will apply only in the amount OUR limit of liability exceeds the sum of the applicable limits of liability of all other applicable insurance."

■ There does not appear to be any ambiguity with respect to the particular language of the policy. An insurance policy is considered ambiguous if it is subject to more than one interpretation. (*Schweighart v. Country Mutual Insurance Co.* (1984), 122 Ill. App. 3d 40, 460 N.E.2d 89.) Clearly, the above-stated language is understandable and capable of a reasonable interpretation. Factors to be considered in determining whether an ambiguity exists include the subject matter of the contract, facts surrounding its execution, the parties' situation, and the indemnification of the insured. (*Schweighart v. Country Mutual Insurance Co.*, 122 Ill. App. 3d at 42, 460 N.E.2d at 90.) Furthermore, the trial judge's decision should not be disturbed unless his decision was against the manifest weight of the evidence.

■ The plaintiff argues that public policy favors stacking the insurance policies and increasing coverages in this situation. However, according to *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, it is not against public policy to limit or prohibit stacking insurance policies in situations where multiple claims are made, even where separate premiums are paid. Furthermore, by prohibiting stacking, the insurer is not given a windfall. Rather, the insured is provided the coverage for which he agreed to purchase.

■ Plaintiff next argues that Gust Georgantas and Gust Georgantas, d/b/a Crest Hill Florists, are different insureds. We disagree. The trial court was correct in ruling that Gust was same insured under

both policies, especially since the floral business is a sole proprietorship. The universal rule is that the sole proprietor is personally responsible for the activities of the business. (*Cincinnati Insurance Co. v. Miller* (1989), 190 Ill. App. 3d 240, 546 N.E.2d 700.) Regardless of the named insured and the different risks for which the insurance was purchased, the same insured purchased the policies from the same company. We find the antistacking clause is applicable and enforceable.

 Lee Peters argues that summary judgment should have issued in his favor since there was not an issue of material fact as to whether there was underinsurance coverage. The trial court correctly ruled there was $250,000 of underinsurance coverage available to the plaintiff. The trial court's finding rendered counts II and III moot. (*Fuous v. Auto Owners (Mutual) Insurance Company* (1987), 118 Ill. 2d 430, 516 N.E.2d 268.) Peters obviously procured sufficient underinsurance coverage for Gust Georgantas based upon the amount of insurance requested and the purpose for which Gust purchased it. The trial court erred by not granting summary judgment.

Since Mary Georgantas' claim was derivative to count II, summary judgment should have issued accordingly for count III as well. *Cross v. Country Cos.* (1989), 188 Ill. App. 3d 847, 544 N.E.2d 1246.

 Finally, Peters claims the trial court erred in staying arbitration of the underinsurance claim. We agree. The language of the valid insurance contract pertaining to arbitration provided as follows:

"Arbitration. If WE and the INSURED disagree over whether the INSURED is legally entitled to recover damages from the owner or operator of an UNDERINSURED MOTOR VEHICLE or if agreement cannot be reached on the amount of damages, either party may make a written demand for arbitration ***."

Once the trial court determined that there was $250,000 of underinsured motorist coverage available, the action should have been arbitrated pursuant to the insurance policy. The trial court should have followed the policy provisions to order arbitration of the underinsured motorist claim. Therefore, we find the trial court erred on this issue and arbitration is ordered.

For the reasons heretofore indicated, the circuit court of Will County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

STOUDER, P. J., and BARRY, J., concur.