MOLLY GRZESZCZAK, Indiv. and as Adm'r of the Estate of Jeffrey Grzeszczak, Deceased, *et al.*, Plaintiffs-Appellants, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—91—2941

Opinion filed March 29, 1993.—Rehearing denied April 18, 1994.—Modified opinion filed May 2, 1994.

Kane, Obbish, Propes & Garippo, of Chicago (Louis B. Garippo, of counsel), for appellants.

Hinshaw & Culbertson, of Chicago (Joshua G. Vincent, Keith G. Carlson, and Gary J. Bazydlo, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff Molly Grzeszczak brought suit on behalf of herself and her three minor children for declaratory judgment to determine their rights under the underinsured motorists provisions of two automobile policies issued by defendant Illinois Farmers Insurance Company. On August 6, 1991, the circuit court entered judgment on the pleadings in favor of defendant. Plaintiff appeals the above order.

On November 19, 1989, Jeffrey Grzeszczak (decedent) was a passenger in a car driven by his brother Richard Grzeszczak which was involved in a collision, resulting in decedent's death. Decedent's widow, plaintiff, filed suit on behalf of herself and her three minor children.

At the time of the collision, Richard Grzeszczak was insured by CNA Insurance Companies (CNA). The limits of his policy were $100,000 for each person and $300,000 for each occurrence. After plaintiff filed a suit against Richard, CNA settled with her for $100,000, the limit of Richard's policy. Decedent, also, was named on two separate insurance policies which were purchased from defendant. The first policy named only decedent as the named insured and covered a 1984 Chevrolet. The second policy named decedent and plaintiff as the named insureds and covered a 1983 Oldsmobile. Each of the above policies provided underinsured motorist coverage of $100,000 for each person.

For underinsured motorist coverage on each policy, decedent was charged a premium of $23.30. Both of the above policies contained the following antistacking provision:

"PART V—CONDITIONS

* * *

6. Two or More Cars Insured

With respect to any accident or occurrence to which this and any other auto policy issued to you by any member company of the Farmers Insurance Group of Companies applies, the total limit of liability under all the policies shall not exceed the highest applicable limit of liability under any one policy."

The policies further provide:

"DEFINITIONS

Throughout this policy 'you' and 'your' mean the 'named insured' shown in the Declarations and spouse if resident of the same household."

In December 1990, plaintiff notified defendant of the settlement with CNA and demanded payment of an additional $100,000. Plaintiff's theory was that decedent had $200,000 in underinsured motorist coverage, which was $100,000 under each policy. Defendant refused plaintiff's claim for additional coverage, relying on the above-cited antistacking provisions in each of the policies.

Plaintiff filed suit against defendant, alleging that she was entitled to the additional coverage because the antistacking provisions were ambiguous. Plaintiff specifically claimed that the provisions were made ambiguous by the addition of plaintiff's name as a named insured on one of the policies and by the payment of two premiums coupled with defendant's alleged failure to adequately explain the policies.

Defendant moved for judgment on the pleadings pursuant to Illinois Code of Civil Procedure section 2—615(e). (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e).) The circuit court granted defendant's motion and entered judgment in favor of defendant. Plaintiff appeals.

When reviewing a circuit court's grant of judgment on the pleadings, a reviewing court must determine whether allegations in plaintiff's complaint, when viewed in a light most favorable to him, are sufficient to state a cause of action upon which relief may be granted. (*Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.* (1991), 218 Ill. App. 3d 383, 577 N.E.2d 1344.) We, therefore, should affirm the circuit court's order for judgment on the pleadings in favor of defendant only if no set of facts can be proven under the pleadings which would entitle plaintiff to relief. *Griffis v. Board of Education, District 122* (1979), 72 Ill. App. 3d 784, 391 N.E.2d 451.

On appeal, plaintiff's underlying contention is that defendant's policies regarding stacking of underinsured motorist coverage are ambiguous and inconsistent. When interpreting an insurance policy, a court should give the words contained in that policy their plain and ordinary meaning and should not insert ambiguities where none exist. (*Georgantas v. Country Mutual Insurance Co.* (1991), 212 Ill.

App. 3d 1, 570 N.E.2d 870.) There is no need for construction if the policy is unambiguous. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.) Moreover, if the policy is unambiguous, it must be enforced according to its terms, and the parties should be bound to the agreement into which they entered. *Allstate Insurance Co. v. Gonzalez-Loya* (1992), 226 Ill. App. 3d 446, 589 N.E.2d 882.

■ Initially, plaintiff concedes that the language of the policy is *facially* unambiguous. Instead, plaintiff contends that the language of the policies is rendered ambiguous because the named insured on each policy was different. The named insured on each of the two policies in question is, however, not different. Contrary to plaintiff's assertion, this case is not analogous to *Goss v. State Farm Mutual Automobile Insurance Co.* (1986), 147 Ill. App. 3d 866, 498 N.E.2d 562, in which one automobile was insured under the husband's name and the other automobile was insured under the wife's name. In the instant case, the decedent is a named insured on both policies. Although plaintiff is a named insured on the policy covering the 1983 Oldsmobile, decedent's name also appears as a named insured on that same policy. The policy covering the 1984 Chevrolet shows only decedent's name as the named insured. The mere fact that plaintiff's name appears along with decedent's named as the named insured on the 1983 Oldsmobile does not create an ambiguity. Unlike the circumstances of the *Goss* case, the named insureds on the policies in the case at bar are not different because decedent is a named insured on both policies. Moreover, each policy contains a provision which explicitly states that "you" and "your" mean named insured and the spouse if residing in the same household. Therefore, plaintiff's argument that the language of the policy is rendered ambiguous because the named insureds on the two policies in question are different is incorrect.

■ Next, plaintiff contends that this court should apply the "premium rule" to this case because defendant is guilty of overreaching. The essence of the premium rule is that an insurance company should not be permitted to collect premiums for a given amount of coverage and then apply limiting clauses to reduce its liability to the insureds. In States that have adopted the premium rule, insureds who pay more than one premium are allowed to stack their policies. (Annot., 23 A.L.R.4th 12 (1983).) Illinois has, however, rejected this rule. (*Obenland v. Economy Fire & Casualty Co.* (1992), 234 Ill. App. 3d 99, 599 N.E.2d 999.) Accordingly, we refuse to apply the premium rule to the case at bar.

■ Lastly, plaintiff argues that the circuit court improperly granted judgment in favor of defendant because the underinsured

motorist coverage premium on each policy was identical and exorbitant and defendant failed to inform plaintiff that the additional $23.30 premium payment would not result in additional underinsured motorist coverage and that, therefore, the policies are inconsistent with the intent of the parties. Plaintiff's argument that the underinsured coverage on each policy is identical is incorrect. The first policy provided underinsured motorist coverage to the named insured(s), his family and *any nonfamily passenger in the 1984 Chevrolet* if the circumstances of an accident, involving the 1984 Chevrolet, were caused by an underinsured motorist. The second policy provided underinsured motorist coverage to the named insured(s), his family and *any nonfamily passenger in the 1983 Oldsmobile* if the circumstances of an accident, involving the 1983 Oldsmobile, were caused by an underinsured motorist. Therefore, the second policy provided coverage to persons who would not have been covered by the first policy, namely, nonfamily passengers who happen to be riding in the Oldsmobile at the time an accident occurs with an underinsured motorist.

Relying on *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, defendant contends that the premiums for underinsured motorist coverage are not exorbitant or inconsistent with the intent of the parties. In *Menke*, the plaintiff had purchased an insurance policy on each of his three automobiles and was paying separate premiums on each. After plaintiff's daughter was killed in an automobile accident, he filed a declaratory action requesting that he be allowed to stack his uninsured motorist coverage from the three policies. The circuit court granted summary judgment in favor of plaintiff and held that the coverage totalled the sum of the uninsured motorist coverage of all three policies. The appellate court reversed and found that, by the policy terms, plaintiff's uninsured motorist coverage was limited to the amount of coverage contained in one of the policies. (*Menke*, 78 Ill. 2d at 423, 401 N.E.2d at 541.) The supreme court affirmed the appellate court, holding that the anti-stacking provisions in the policies were unambiguous and did not contravene public policy. (*Menke*, 78 Ill. 2d at 425, 401 N.E.2d at 542; see also *Sulser v. Country Mutual Insurance Co.* (1992), 147 Ill. 2d 548, 591 N.E.2d 427.) The supreme court further rejected the plaintiff's contention that the intent of the parties to the policy must be examined. The court found that the "intent of the defendant insurance company and the manifest intent of the plaintiff are clearly expressed in the unambiguous language of the antistacking clause." *Menke*, 78 Ill. 2d at 425, 401 N.E.2d at 542.

The plaintiff in *Menke* also argued that since he paid three separate premiums for the uninsured motorist coverage he intended to

receive three separate coverages. (*Menke*, 78 Ill. 2d at 425, 401 N.E.2d at 542.) The supreme court held that "the existence of any such subjective intent of the plaintiff is rebutted by the clear and unambiguous policy language from which it can be readily seen and understood that coverage was limited." (*Menke*, 78 Ill. 2d at 425, 401 N.E.2d at 542.) The supreme court further stated that there was no evidence of "overreaching on the part of defendant, the premiums charged were not exorbitant, and, in short, no reason is advanced which would require invalidation of the limitation clause on public policy grounds." (*Menke*, 78 Ill. 2d at 426, 401 N.E.2d at 542.) We agree with defendant's reliance on *Menke* for the proposition that the parties' subjective intents are irrelevant because the court must look at the unambiguous language of the policies. We disagree, however, that *Menke* is analogous to the case at bar when interpreting whether the premiums for the underinsured motorist coverage are exorbitant.

In *Menke*, the three premiums for uninsured motorist coverage in the separate policies differed, unlike in the instant case, where the premiums for such were identical in both policies. As in *Menke*, plaintiff concedes that it is reasonable to charge something for the administrative work in writing the additional coverage and agrees that she received some additional coverage for nonfamily passengers. The distinguishing aspect of the instant case is that plaintiff has alleged that she paid the same premium for underinsured motorist coverage on the second car when a portion of the coverage overlaps that coverage which she already is entitled to receive by having underinsured motorist coverage on the first car. Therefore, plaintiff argues that the premium for the second car should be less, and since it is not, defendant's underinsured motorist coverage premium on the second car was exorbitant. Plaintiff has stated a cause of action upon which relief may be granted by alleging that the second premium was exorbitant, in violation of public policy. According to *Menke*, charging exorbitant premiums constitutes overreaching on the part of defendant, in which case the circuit court would be justified in refusing to enforce the anti-stacking provisions of the policies. (See *Menke*, 178 Ill. 2d at 426, 401 N.E.2d at 542.) Thus, we find that the circuit court erred in entering judgment on the pleadings pursuant to section 2—615 in favor of defendant, and reverse and remand this cause for proceedings in accordance with this opinion.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand this cause.

Reversed and remanded.

CAMPBELL, P.J., and MANNING, J., concur.